UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

| Present: The Honorable | Christina A. Snyder, United States District Judge | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** PLAINTIFF'S MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT (Dkt. 16, filed on September 13, 2023)

## I. INTRODUCTION & BACKGROUND

The Court finds that plaintiff's motion to remand is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On August 27, 2020, plaintiff Garnik Hovhannisyan filed a personal injury suit against Colton Ross Wexler and Does 1 through 50 in Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). Plaintiff alleges that he was injured in a motor vehicle accident in California involving Wexler and brings claims for: (1) motor vehicle-related negligence; and (2) general negligence. Id. at 3. On January 31, 2023, Mr. Wexler passed away. Dkt. 16 at 4. On March 21, 2023, plaintiff amended his complaint to substitute the Estate of Colton Wexler (the "Estate") for Doe 1. Dkt. 1-1 at 6. On June 20, 2023, plaintiff substituted Colton Wexler's parents, Beth Wexler and Michael Wexler, for Does 2 and 3. Id. at 7-8; dkt. 21 at 2. On July 13, 2023, plaintiff personally served the Estate's insurance company, Great Northern Insurance Company ("Great Northern"). Dkt. 21 at 6. Great Northern is an Indiana corporation with its principal place of business in Indiana. Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

On August 14, 2023, defendants removed the case to this court based on diversity jurisdiction. Dkt. 1. On September 7, 2023, plaintiffs dismissed both Beth Wexler and Michael Wexler as defendants, leaving the Estate of Colton Wexler and Does 4 through 50 as the only remaining defendants. Dkt. 15. On August 21, 2023, the Estate filed an answer to the complaint. Dkt. 9 ("Answer").

On September 13, 2023, plaintiff filed the instant motion to remand this case to Los Angeles Superior Court. Dkt. 16 ("MTR"). On October 23, 2023, the Estate filed its opposition. Dkt. 21 ("Opp."). On November 6, 2023, plaintiff filed its reply. Dkt. 23 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, *supra*, § 2:905.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III. ARGUMENTS

Plaintiff argues that this case should be remanded to state court because (1) the notice of removal was late filed; and (2) defendant improperly invoked diversity jurisdiction.

#### A. Late Filing

Plaintiff claims that defendant failed to file its notice of removal within 30 days of being served.[1] He claims that defendant was served on July 13, 2023, and that "notice of removal was not filed until August 15, 2023—33 days after the lawsuit was serv[ed]." MTT at 10.

Plaintiff also argues that defendant failed to remove within one year after the commencement of this action.[2] He contends that "the Complaint [was] filed in Los Angeles Superior Court on [August 28, 2020] . . . [and] the basis for removal has existed since the beginning of litigation." Id. at 10. Yet, the Estate is seeking removal to federal court "more than two years" later. Id. Plaintiff argues that "no new party [has] been introduced to this action" because "this lawsuit is continuing against the decedent's estate under Probate Code 550." Id. Probate Code 550 allows the plaintiff to bring suit "against the decedent's estate without the need to join as a party the decedent's personal

---

[1] While plaintiff does not cite to a specific rule, he appears to be referencing the deadline imposed by 28 U.S.C. § 1446(b)(1).
[2] While plaintiff does not cite to a specific rule, he appears to be referencing the deadline imposed by 28 U.S.C. § 1446(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

representative or successor in interest" when the "action [seeks] to establish the decedent's liability for which the decedent was protected by insurance." Id.

Defendant claims that its notice of removal was timely pursuant to § 1446(b)(1). The Estate clarifies that it was served on July 13, 2023, and it filed its notice of removal on August 14, 2023. Opp. at 9. It argues that, pursuant to FRCP 6(a)(2)(C), when "computing any time period specified in the[] rules . . . if the period would end on a Saturday . . . the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Id. at 9-10. Thus, defendant contends that removal was timely because "[thirty] days from July 13, 2023, landed on Saturday, July 12, 2023 . . . [and] the next date that followed . . . that was not a Saturday, Sunday, or legal holiday, was Monday, August 14, 2023." Id. at 10.

Defendant also claims that plaintiff "incorrectly argues, without citing to any relevant supporting law, that Notice of Removal must be filed within one year after the commencement of the action." Id. at 10. It additionally claims that the "time limits for removal specified in . . . § 1446(b) are procedural rather than jurisdictional" and notes that § 1446(b)(2)(C) permits an earlier served defendant to consent to a notice of removal filed by a later-served defendant. Id. at 11. Here, the Estate argues that it is a "new party to this action" that is entitled to "file a Notice of Removal within 30 days of receipt of service of the Complaint." Id. Finally, defendant appears to allege that plaintiff added the decedent's insurance company as a party to the lawsuit by bringing this claim pursuant to Probate Code 550.

In reply, defendant argues that "if the insurer is the de facto party[,] . . . their failure to remove this case to federal court should be considered untimely[,] [as] [t]he insurer had been providing Counsel to Colton Wexler before his passing[] and failed to remove the case on diversity purposes for years." Reply at 5.

**B.   Diversity Jurisdiction**

Defendant argues there is no diversity jurisdiction pursuant to 28 U.S.C.A. § 1332 because the parties lack complete diversity. MTR at 8. Here, it is undisputed that plaintiff is a California citizen. See MTR at 8; Opp. at 8 ("Plaintiff is a citizen of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

State of California"). The operative question is whether the Estate is a citizen of California or Illinois.

Plaintiff contends that Mr. Wexler "was domiciled in California[] before his death and thus his estate should also be considered domiciled in California." MTR at 8. In support, he argues that Mr. Wexler attended the University of Southern California (USC) from 2017-2021 (and was attending USC when the underlying accident occurred on March 8, 2019), founded a music distribution company located in the "Los Angeles Metropolitan Area," and was still living and working in Los Angeles at the time of his passing on January 31, 2023. Id. at 8-9.

In opposition, defendant argues that Mr. Wexler was a citizen of Illinois at the time plaintiff filed his complaint. It claims that, at the time of the accident, Mr. Wexler "had simply been attending school in Los Angeles." Opp. at 7. At that time, Mr. Wexler allegedly maintained a valid Illinois driver's license, drove a vehicle registered in Illinois, and had a permanent address in Highland Park, Illinois. Id. at 7-8. Defendant contends that Mr. Wexler's employment in California was merely a way to earn extra money while he worked towards his master's degree at USC. Id. at 8. Additionally, defendant argues that "by naming the Estate . . . as DOE 1 to the Complaint [pursuant to California Probate Code Sections 550-555], [p]laintiff is proceeding against the insurance company that provided coverage for this alleged Incident, Great Northern Insurance Company – not the insured Estate directly or any personal representative of Colton Wexler's Estate." Id. at 6. Defendant thus claims that complete diversity exists because Great Northern Insurance Company is domiciled in Indiana and plaintiff is a citizen of California. Id. at 8-9.

In reply, plaintiff argues that Mr. Wexler was domiciled in California because he chose to stay in Los Angeles even after he graduated from USC in May of 2021. Reply at 3. At the time of his passing, he had allegedly been living in Los Angeles for six years and had worked on "various projects specifically tailored to work in the Los Angeles music industry." Id. Plaintiff further contends that, in response to an attempt to serve Mr. Wexler at his parent's house in Highland Park, Illinois, Mr. Wexler's father responded that Mr. Wexler "no longer lived at this address." Id. at 4. Plaintiff also argues that the insurer's citizenship cannot be imputed to the Estate because "the legal representative of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332. He claims that defendant "fails to cite case law or statu[t]e that would allow the Insurer's citizenship to be considered for the purposes of diversity." Id. at 2.

## IV.  DISCUSSION

Generally, an estate is not considered a legal entity and therefore "can neither sue nor be sued." Tajran v. Est. of McDonald, No. 19-CV-1290-BAS-KSC, 2020 WL 256209, at *6 (S.D. Cal. Jan. 17, 2020). However, California Probate Code § 550 provides that a party may bring an action against a decedent's estate to "establish [the] decedent's liability for which the decedent was protected by insurance . . . without . . . join[ing] . . . the decedent's personal representative or successor in interest." Suits brought pursuant to § 550 "technically proceed[] against the estate to determine liability, but any such liability is imposed only upon the insurance company and only up to the amount of any applicable insurance." Wright v. Est. of Johnson, No. CV-15-00005-JAK, 2015 WL 2412102, at *3 (C.D. Cal. May 19, 2015) (internal citation omitted). Here, it appears that plaintiff is proceeding pursuant to § 550.

Courts have analogized § 550 suits to "direct actions" against insurers. "Direct actions" are cases where "a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Wright, 2015 WL 2412102, at *5 (quoting Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 901-02 (9th Cir. 1982)). An insurer in a direct action is considered a citizen of (1) every state where the insurer has been incorporated; (2) the state where the insurer has its principal place of business; and (3) every state in which "the insured" is a citizen. 42 U.S.C. § 1332(c)(1)(A) (emphasis added). "[A]lthough California does not[] in general[] permit direct actions, [§ 550] provides a specific avenue to institute a quasi-direct action against an insurer." Wright, 2015 2412102, at *5.

Accordingly, when a plaintiff names a decedent's estate as the sole defendant but proceeds against the decedent's insurer pursuant to § 550, courts evaluate the *insurer's* citizenship to determine diversity. The court's reasoning in Wright v. Estate of Johnson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

is instructive. No. CV-15-00005-JAK, 2015 WL 2412102 (C.D. Cal. May 19, 2015). Wright arose in the aftermath of a plane crash on a plaintiff's property in which the pilot died. Id. at *1. The plaintiff named the pilot's estate as the sole defendant but served the complaint on the pilot's insurer pursuant to § 550. Id. The insurer removed the case, and the plaintiff moved to remand. Judge Kronstadt granted the motion to remand, finding that it would be "reasonable" and "consistent with the statutory purpose of § 1332(c)(1)(A)" to attribute the California citizenship of the decedent to the insurer, rendering the parties non-diverse. Id. at *6-7.

Thus, the operative question is whether there is complete diversity between plaintiff and the Estate's insurer, Great Northern. Here, plaintiff is a California citizen. Compl. ¶ 2. Defendant contends that Great Northern was incorporated in Indiana and has its principal place of business in Indiana. Dkt. 21 at 8. However, Great Northern is also deemed a citizen of "every State . . . of which the insured is a citizen." See 42 U.S.C. § 1332(c)(1)(A). Here, the Estate is the insured. Opp. at 6. Section 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen . . . of the same State as the decedent." In turn, an individual defendant's citizenship is "determined by [his] state of domicile, not [his] state of residence. A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." Kanter v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir.2001). Courts consider the following non-exclusive list of factors in identifying an individual's domicile: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew v. Moss, 797 F.2d 747, 750 (9th Cir.1986).

Therefore, it appears that the central inquiry is Mr. Wexler's citizenship. Yet, the parties have not presented sufficient evidence to conclusively answer this question. Mr. Wexler's residency and place of employment were both in California. However, his family, driver's license, and automobile registration were all in Illinois. The parties have not alleged information about Mr. Wexler's voting registration, property, bank accounts, or tax payments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

The Court finds that this case should be remanded, regardless of whether Mr. Wexler was a citizen of California or Illinois. If Mr. Wexler (and correspondingly the Estate and Great Northern) was a citizen of California, there would be no basis for diversity jurisdiction because Great Northern would share the same California citizenship as plaintiff. Alternatively, if Mr. Wexler was a citizen of Illinois, then removal was untimely. Section 1446(b)(1) provides that "notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[3] 28 U.S.C. § 1446(b)(1). Additionally, "a substituted defendant is bound by the actions or omissions of its predecessor." Summit Canyon Res., LLC v. Barker, No. 2:15-CV-02167-JAD-GWF, 2016 WL 740420, at *1 (D. Nev. Feb. 23, 2016). This is because a "substituted defendant 'must[] stand in [the original defendant's] shoes with respect to all phases of litigation." Id. (quoting In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000)). Here, the original defendant was Mr. Wexler, and the Estate was substituted as a defendant after Mr. Wexler passed away. Dkt. 1-1 at 6. Mr. Wexler was served in August of 2020 and did not remove this case within 30 days. See Dkt. 1-2. Accordingly, the Estate is bound by Mr. Wexler's decision not to remove and was not permitted to seek removal of this case on August 14, 2023, three years after Mr. Wexler was first served.

\\

---

[3] If Mr. Wexler was an Illinois citizen at the time the initial pleading was filed, then Section 1446(c)(3) would not apply because complete diversity existed from the very beginning. See 28 U.S.C. § 1446(c)(3) (applying only when "the case stated by the initial pleading is not removable").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06654-CAS-MRWx | Date | November 13, 2023 |
|---|---|---|---|
| Title | Garnik Hovhannisyan v. Estate of Colton Wexler et al. | | |

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand this case to Los Angeles Superior Court.

IT IS SO ORDERED.

:

Initials of Preparer     CJ